UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAUL HEISE,

        Petitioner,         Case No. 1:13-cv-26

v.         Honorable Robert J. Jonker

WILLIE SMITH,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 30 years to 45 years[1] consecutive to four concurrent sentences of two years for felony firearm. The sentences were imposed by the Jackson County Circuit Court on January 25, 2011, after a jury convicted Petitioner of armed robbery, MICH. COMP. LAWS § 750.529, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, felonious assault, MICH. COMP. LAWS § 750.82, discharge of a firearm in a building, MICH. COMP. LAWS § 750.234b, and four counts of felony firearm, MICH. COMP. LAWS § 750.227b. In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

    I.    PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL FAILED TO TRANSLATE A PLEA AGREEMENT TO PETITIONER.

---

[1] The sentence of 30 to 45 years for armed robbery is concurrent with sentences of 3 years to 10 years for felon in possession of a firearm, 3 years to 8 years for felonious assault, and 3 to 8 years for discharge of a firearm in a building, from the Calhoun County Circuit Court case at issue here, as well as a sentence of 14 years, 3 months to 30 years for an armed robbery conviction from Kalamazoo County Circuit Court.

II.     PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE HIS APPELLATE COUNSEL FAILED TO MAKE THE ARGUMENT FOUND IN GROUND ONE.

(Pet., ECF No. 1, PageID.6-7.) Respondent has filed an answer to the petition (ECF No. 7) stating that the grounds should be denied. Upon review of the pleadings and the record, the Court will deny the petition for failure to raise a meritorious federal claim.

**Procedural History**

**A.     Trial Court Proceedings**

On May 27, 2008, Robert Racine was working as the night shift cashier at a Speedway gas station in Battle Creek, Michigan. Shortly after 1:00 a.m., Mr. Racine was approached by a masked man with a gun. At the man's direction, Mr. Racine opened his register and yielded the cash drawer. Mr. Racine, again at the man's direction, attempted unsuccessfully to open another register. The man fired the gun. Shortly thereafter, the man left the gas station.

Mr. Racine was able to identify Petitioner as the man who robbed him. The surveillance footage shows Petitioner walking into the Speedway without a mask on. One of Petitioner's companions that night, the driver of the car that brought him to and from the Speedway station, testified that Petitioner entered the store for a few moments, while he was there she heard a bang, and then Petitioner returned to the car with a mask in his hand and instructed her to go. The group then went to the driver's house where Petitioner produced the money and counted it out.

Petitioner was tried before a jury beginning December 2, 2008, and concluding on December 4, 2008.[2] The jury found Petitioner guilty on all charges. On January 5, 2009, Petitioner was sentenced as outlined above.

### B. Direct Appeal

Petitioner appealed as of right to the Michigan Court of Appeals. His brief, which was filed by counsel on August 4, 2009, raised one issue relating to the trial court's improper scoring of certain offense variables and the resulting disproportionate sentence. (*See* Def.-Appellant's Br. on Appeal, ECF No. 15.) By unpublished opinion issued on April 15, 2010, the Michigan Court of Appeals rejected all appellate arguments and affirmed Petitioner's sentences. (*See* Mich. Ct. App. Opinion, ECF No. 15.)

The Michigan Court of Appeals' resolution of Petitioner's appellate claim is immaterial to the issues he raises in his habeas petition. Indeed, Petitioner's appeal is significant for purposes of habeas review because of the issue his appellate counsel refused to raise: trial counsel's alleged failure to communicate a plea offer.

Petitioner claims that during the course of his appeal, appellate counsel provided him a copy of the amended information. That document, offered as an exhibit to Petitioner's subsequent motion for relief from judgment, includes the following cryptic handwritten note: "(20-40) Cobbs-rejected[.]" (Amended Information, ECF No. 19.) Petitioner contends that the handwritten note

---

[2]The evidence admitted at trial and the facts underlying the crime are not critically important to resolving Petitioner's habeas claims. Petitioner's claims depend on matters that occurred, as explained below, during the pretrial phase of the proceedings.

reveals that the prosecutor offered Petitioner's trial counsel a *Cobbs*[3] agreement based on a sentence of 20 to 40 years and that counsel rejected the offer. Critically, Petitioner maintains, counsel never communicated that offer to Petitioner. (Affidavit of Petitioner, ECF No. 19.) Had she communicated the offer, Petitioner claims he would have accepted the offer. (*Id*.) Petitioner further claims that he brought the issue to the attention of his appellate counsel, but that appellate counsel refused to do anything about it because the handwritten note was "worthless." (*Id*.)

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same sentencing issues raised before and rejected by the Michigan Court of Appeals. By order entered September 9, 2010, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (*See* Mich. Ord., ECF No. 16.)

### C. Motion for relief from judgment

Petitioner returned to the Calhoun County Circuit Court, filing a motion for relief from judgment under MICH. CT. R. 6.500 et seq., on April 20, 2011. In his motion he raised the two issues he raises in his habeas petition: trial counsel rendered ineffective assistance when she failed to communicate the 20 to 40 years sentence offer and appellate counsel rendered ineffective assistance when he refused to raise the issue on direct appeal. (Motion for Relief from Judgment, ECF No. 19.) The trial court rejected Petitioner's issues for several reasons, but the foundation of his decision was stated in one sentence: "[T]he claim that a scribbled note of unknown authorship

---

[3] In *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), the Michigan Supreme Court approved a process under which a judge conducts a preliminary evaluation of the case and makes a tentative offer of the sentence prior to a defendant's entry of a plea. The supreme court held that such an agreement was lawful, if the defendant was given the right to withdraw the plea when and if the judge on full review decided not to honor the earlier agreement).

on defendant's copy of the information, "(20-40) Cobbs-rejected," indicates an uncommunicated plea offer to the defendant is frivolous." (Opinion and Order, p.2, ECF No. 20.)

Petitioner filed applications for leave to appeal the denial of his motion in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave by orders dated November 8, 2011, (ECF No. 17), July 24, 2012, (ECF No. 18), respectively.

On January 10, 2013, Petitioner commenced this action.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and

not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state

court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

**Discussion**

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that, in a claim alleging that counsel was ineffective in advising a defendant about a plea offer, the *Strickland* standard continues to apply. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012). As in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the prejudice prong of *Strickland* turns on whether, absent counsel's errors, the result of the plea process would

have been different. *See Lafler*, 132 S. Ct. at 1385-87. In such circumstances, "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 132 S. Ct. at 1409.

The entire *Strickland* analysis, however, depends upon a factual determination: did the prosecution make a formal plea offer? *See, i.e., Ambrose v. Romanowski*, 621 F. App'x 808, 817 (6th Cir. 2015) ("In order to show defective performance such that ineffective assistance led to the offer's rejection or lapse, Ambrose must start by showing that there was an actual plea offer from the prosecutor."). The trial court said "No." It characterized as frivolous Petitioner's evidence that such an offer had been made. This Court must presume that the state court's factual findings are correct. *Lancaster*, 324 F. 3d at 429. Petitioner must present clear and convincing evidence to overcome that presumption. *Id*. He has not.

In *Ambrose*, 621 F. App'x at 808, the Court faced a strikingly similar situation:

> On the record presented to the state court, Ambrose simply cannot show that there was a formal plea offer made by the prosecutor, especially under the deferential standard of review.
>
> The sole piece of evidence that Ambrose relied on in state court is a "re-pretrial" form with the pre-trial judge's notations "Manslaughter 5–15." Ambrose's argument requires a lot of conjecture, which is not appropriate on habeas review. "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court . . . 'If this standard is difficult to meet'—and it is—'that is because it was meant to be.' " *Burt v. Titlow*, ––– U.S. –––, 134 S.Ct. 10, 15–16, 187 L.Ed.2d 348 (2013) (quoting *Richter*, 562 U.S. at 102, 131 S.Ct. 770). These notations might document the judge's thought processes during the proceedings. Or, as the state points out, they could represent an offer made by the defense counsel. There is simply no evidence that these notations represent anything beyond what they are: simple notations. If Ambrose's attorneys were never presented with a valid offer, his trial attorneys could not have failed to convey to Ambrose a legitimate plea offer nor could they have failed to convey Ambrose's acceptance of that plea offer.

*Id.* at 817. This Court concludes likewise with respect to the cryptic notations offered by Petitioner. There is simply no evidence that these notations represent anything other than notations. Accordingly, Petitioner has failed to demonstrate, by clear and convincing evidence or otherwise, that the prosecution made a formal plea offer with a sentence of 20 to 40 years to defense counsel. Absent that showing, Petitioner's habeas claims simply collapse.

## Conclusion

In light of the foregoing, the Court will deny Petitioner's application because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying

this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's denial of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


DATED:   July 28, 2016              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE